IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN LOVE,                           No. CIV S-07-1731-LKK-CMK-P

    Plaintiff,

  vs.                                  FINDINGS AND RECOMMENDATIONS

ROBERT MEKEMSON, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 14), filed on March 27, 2008.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

On January 4, 2008, the court issued an order addressing the complaint and outlining his allegations as follows:

> Plaintiff names the following as defendants: (1) Mekemson; (2) Cavenaugh; (3) Duru; (4) Roche; (5) Dudley; (6) David; and (7) France. It appears that all defendants are prison medical personnel. Under the heading "Statement of Fact," plaintiff alleges the following:
>
> > All defendants knew plaintiff is a diabetic and was at high risk for valley fever, but did nothing to help plaintiff. (see here Exhibit 6, information on valley fever which defendants knew about before hand).
>
> He also alleges:
>
> > North Kern State Prison medical department; R.J Donovan Correction State Prison medical department, along with their medical staff, have caused me injury (nerve damage, loss of a lung, pain every day).
> > The ongoing non-treatment of this department keeps me in pain. I'm an ADA prisoner and I'm going without treatment.
> > All defendants named in this petition have caused me injury. Defendants fail to fulfill their responsibility and their failure caused injuries to plaintiff.
>
> Documents attached to plaintiff's complaint reveal additional facts. Specifically, plaintiff was admitted to Mercy Hospital in Bakersfield, California, in November 12, 2004, with complaints of shortness of breach, fever, chills, cough, and probably pneumonia. Upon

discharge, medical staff at Mercy Hospital diagnosed: (1) pulmonary coccidioidomycosis with empyema; (2) Type 2 diabetes; (3) respiratory failure, status post tracheostomy; (4) anemia; and (5) chronic hypertension. Plaintiff was discharged with medication and orders for a diabetic diet. Plaintiff was then transferred to Delano Regional Medical Center in Delano, California, on January 28, 2005, for follow-up post-respiratory failure. Admission record from Delano Regional Medical Center indicate the following history:

> This is a 43-year-old inmate who had initially received a flu shot in the North Kern State Prison, and following that, he has had chest pain, cough, cold, fever, chills, and infiltrates, not getting better, with pleural affusion. Also underwent bronchoscopy, etc., and it turned out to be valley fever. It was so sever that he was intubated, put on respirator, and finally, he had a tracheostomy done. He also was referred for decortication of his lung lesion, which was not healing well.

Plaintiff received further treatment at Delano Regional Medical Center. Medical staff determined that plaintiff should be seen twice a week per protocol at the special care unit.

As also revealed by documents attached to the complaint, plaintiff submitted requests to prison officials in November 2005 and March 2006 for reasonable accommodations given his medical problems. In this requests, plaintiff stated that he caught valley fever and requested to be compensated for the resulting pain and suffering. Plaintiff claims his medical problems were the result of complications from the flu shot. Plaintiff's inmate appeals were denied as having been submitted too long after the incident.

In the first amended complaint, plaintiff names the following as defendants: Mekemson, Wilson, Duru, Cavenaugh, Eanly, Roche, David, and Dudley. Plaintiff states that, after he received a routine flu shot, he experienced severe chest pain and other problems and that he was transferred from his prison to another facility for treatment. Following his return, plaintiff states he was "under the care of Dr. Robert Mekemson, M.D., Heath Care Manager; Donna Wilson, M.D., Chief Medical Officer Health Care Services Division Quality Program; Dr. Cavanaugh; M.T.A. Duru." He states that he was diagnosed with Valley Fever. He claims that the "actions of defendants as stated in Ex. 1-7 " caused him to suffer serious medical complications. He states that "all defendants knew plaintiff has high risk for 'Valley Fever'. . . ."

///

## II. DISCUSSION

As to the original complaint, the court provided plaintiff leave to amend because he had not stated a cognizable claim, but it appeared that he may be able to do so. Specifically, the court concluded:

> The gravamen of plaintiff's complaint is that he was denied adequate medical attention. Specifically, it appears that plaintiff alleges that, notwithstanding their knowledge that a flu shot would present a heightened risk that plaintiff could contract valley fever, the flu shot was administered anyway. . . .
>
> * * *
>
> Plaintiff's complaint fails to state a claim because he has not alleged facts showing how each individual defendant was involved in the alleged constitutional deprivation. No defendant is mentioned by name anywhere in the complaint. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> Moreover, to the extent plaintiff's claim is based on an assertion that defendants were negligent in administering the flu shot or in providing post-hospital care, plaintiff cannot state a claim. Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Similarly, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff does not cure these defects in the amended complaint. Specifically, he fails to indicate with any degree of specificity how the actions of each of the named defendants caused or contributed to a constitutional violation. His conclusory and vague statement regarding the "actions of defendants . . ." is insufficient to put them on notice as to which actions resulted

in alleged violations.  In addition, it continues to appear that plaintiff's claims are based on his assertion that medical personnel were negligent in giving him a flu shot even though they knew he had a heightened risk of complications.  As the court stated in its prior order, negligence does not give rise to an Eighth Amendment claim.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to further leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE